UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRIN ROCKETT                                              CIVIL ACTION

VERSUS                                                      NO: 17-229

BELLE CHASSE MARINE                                         SECTION: "S" (2)
TRASNPORTATION, LLC, ET AL.

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that St. John Fleeting, LLC's Motion to Dismiss Plaintiff's Claim for Punitive Damages made pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #7) is **GRANTED**.

## BACKGROUND

This matter is before the court on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, St. John Fleeting, LLC. St. John seeks dismissal of plaintiff's punitive damages claim arguing that a seaman may not recover non-pecuniary damages on negligence or unseaworthiness general maritime law claims against a non-employer third-party.

Plaintiff, Darrin Rockett, filed this action against defendants, Belle Chasse Marine, LLC and St. John, seeking damages for injuries he allegedly sustained in a maritime accident that occurred on January 29, 2016. Rockett, a Jones Act seaman, alleges that on January 29, 2016, he was employed as the captain of the M/V MR. FRED, a vessel in navigation owned, operated and controlled by Belle Chasse, and that he sustained injuries to his head and other parts of his body when the M/V MR. FRED struck a bouy in the Mississippi River. Rockett alleges that St. John owned, maintained, or was otherwise responsible for the bouy, which was improperly marked, maintained, and/or positioned.

Rockett's claims against Belle Chasse include a negligence claim under the Jones Act, and general maritime law claims for unseaworthiness and failure to pay maintenance and cure, along with punitive damages related to the failure to pay maintenance and cure. Rockett alleges a general maritime law negligence claim against St. John, and seeks punitive damages associated with that claim. In response, St. John filed the instant motion to dismiss arguing that under Fifth Circuit precendent, Rockett, a Jones Act seaman, cannot recover non-pecuniary damages, including punitive damages, from a third-party non-employer for a general maritime law negligence claim.

**ANALYSIS**

**I.    Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true.

2

Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

## II. A Seaman's Punitive Damages Claim against a Third-Party Non-Employer

St. John argues that a Jones Act seaman cannot recover non-pecuniary damages, including punitive damages, from a third-party non-employer for a general maritime law negligence claim. St. John cites the maritime law precedent set by the Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit in Miles v. Apex Marine Corp., 111 S.Ct. 317 (1990); Scarborough v. Clemco Indus., 391 F.3d 660 (5th Cir. 2004); and, McBride v. Estis Well Serv., LLC, 768 F.3d 382 (5th Cir. 2014) (*en banc*).

Rockett argues that this court should follow other sections of the United States District Court for the Eastern District of Louisiana which have held that Scarborough was effectively overruled by Atlantic Sounding Co. v. Townsend, 129 S.Ct. 2561 (2009), and that in light of, Townsend, a seaman should be permitted to seek punitive damages against a third-party non-employer tortfeasor under general maritime law. See Collins v. A.B.C. Marine Towing, L.L.C., 2015 WL 2524710 (E.D. La. Sept. 9, 2015) (Fallon, J.); Hume v. Consolidated Grain & Barge, Inc., 2016 1089349 (E.D. La. March 21, 2016) (Zainey, J.). Rockett also argues that this court should follow a case from the Supreme Court of Washington that disagreed with McBride, revert to pre-Scarborough

3

jurisprudence, or take the historical approach endorsed by a concurrence and a dissent in McBride to find that punitive damages are available in a seaman's general maritime law negligence action against a third-party non-employer.

In Miles, 111 S.Ct. at 325-26, the Supreme Court of the United States held that a Jones Act seaman's survivors cannot recover non-pecuniary damages for wrongful death against the seaman's employer under either the Jones Act or general maritime law. The court stated that such a result was "in accordance with the uniform plan of maritime tort law Congress created in [the Death on the High Seas Act ("DOHSA")] and the Jones Act," and it would not judicially create a more expansive remedy than Congress established in its "ordered system of recovery for seamen's injury and death." Id. at 328.

In Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1513 (5th Cir. 1995), the United States Court of Appeals for the Fifth Circuit relied on "the Miles uniformity principle" to hold that a seaman cannot recover punitive damages for his employer's willful nonpayment of maintenance and cure under general maritime law.

Thereafter, in Scarborough, 391 F.3d at 668, the United States Court of Appeals for the Fifth Circuit again applied "the Miles uniformity principal," along with the reasoning of Guevara, and held that neither a Jones Act seaman nor his survivors can recover non-pecuniary damages under general maritime law from a third-party non-employer tortfeasor.

In Townsend, 129 S.Ct. at 2575, the Supreme Court of the United States, overruling Guevara, held that a seaman may recover punitive damages for his employer's willful and wanton failure to pay maintenance and cure. The Court explored the history of punitive damages in the maritime law, particularly in the maintenance and cure context, noting that "prior to enactment of

4

the Jones Act in 1920, maritime jurisprudence was replete with judicial statements approving punitive damages, especially on behalf of passengers and seamen." Id. at 2566-68 (citations and quotations omitted).

The Court explained that Miles did not control because it did not address maintenance and cure actions or the availability of punitive damages for such actions. Id. at 2572. Further, the Court stated that reading Miles to abolish all punitive damages under general maritime law "is far too broad" and that allowing punitive damages "for the willful and wanton disregard of the maintenance and cure obligation should remain available in the appropriate case as a matter of general maritime law" because such damages "have long been an accepted remedy under general maritime law," which was not altered by any provision of the Jones Act. Id. at 2575.

However, the Court noted that the "reasoning of Miles remains sound." Id. at 2572. The reasoning to which the Court referred is that, prior to the Jones Act and DOHSA, there was no general common law cause of action for wrongful death on the high seas or in territorial waters. Id. Thus, the courts must look to that legislation for policy guidance, and "[i]t would have been illegitimate to create common-law remedies that exceeded those remedies statutorily available under the Jones Act and DOHSA." Id. Unlike a maritime wrongful death action, maintenance and cure and punitive damages related to such claims, existed before the Jones Act and DOHSA and was not altered by them. Id. at 2575. Therefore, punitive damages are available under general maritime law for the willful and wanton disregard of the maintenance and cure obligation. Id.

In McBride, 768 F.3d at 384, the United States Court of Appeals for the Fifth Circuit, sitting *en banc*, examined the effect of Townsend on Miles. The plaintiffs in McBride, two injured seamen and the survivors of a deceased seaman, brought negligence claims under the Jones Act and sought

5

punitive damages against the Jones Act employer for personal injury and wrongful death under the general maritime law doctrine of unseaworthiness. Id. The court held that neither a Jones Act seaman, nor his survivors, can recover punitive damages against the seaman's employer for personal injury or wrongful death claims based on either the Jones Act or general maritime law. Id. In so doing, the court stated that "[t]he Supreme Court, in Townsend, did not overrule Miles. Rather it took pains to distinguish that maintenance and cure case from Miles and confirmed that '[t]he reasoning of Miles remains sound.'" Id. at 391.

In Collins, at *4-5, Judge Fallon recounted the maritime law history discussed herein. He found that Townsend effectively overruled Scarborough because Townsend abrogated Guervara, and Scarborough relied upon the reasoning in Guevara. Thus, Judge Fallon concluded that "[t]he takeaway from Townsend, the governing Supreme Court law on the availability of punitive damages under general maritime law, is that a seaman can recover punitive damages under general maritime law if the Jones Act is not implicated[,]" such as for negligence claims against a third-party non-employer. Id. at *5. Judge Zainey adopted the reasoning of Collins in Hume, 2016 WL 1089349, at *1294, and held that a seaman could pursue a punitive damages claim against a third-party non-employer tortfeasor under general maritime law. Id. at 1295.

On other hand, Judge Morgan has held that a seaman cannot recover punitive damages against a third-party non-employer for negligence or unseaworthiness under general maritime law. Howard v. Offshore Liftboats, LLC, 2015 WL 7428581 (E.D. La. Nov. 20, 2015) (Morgan, J.). In Howard, the plaintiff cited Collins to support his claim for such damages. Id. When dismissing the claim, Judge Morgan stated:

> as even Collins recognizes, the Townsend decision is specific to the maintenance-and-cure context and does not address whether punitive

6

damages are available for claims of unseaworthiness. In fact, the Townsend Court took pains to distinguish maintenance and cure, for which it concluded punitive damages are available, from a seaman's remedies for negligence and unseaworthiness, for which punitive damages are generally not available under Miles, Scarborough, and McBride. As other courts in this district have recognized, although Townsend may give hope to seamen wishing to obtain punitive damages for unseaworthiness claims against their employers and non-employers, this Court cannot assume the Fifth Circuit has changed its position on personal injury claims falling outside the scope of Townsend. Further, the Court notes that the Fifth Circuit's decision in Scarborough, which held that a seaman may not recover punitive damages against either his employer or a non-employer, is binding on this Court and has never been overruled.

Id. at *2 (quotations and citations omitted).

Interestingly, two years after Collins, Judge Fallon reversed course in Wade v. Clemco Indus. Corp., 2017 WL 434425 (E.D. La. Feb. 1, 2017) (Fallon, J.). Judge Fallon again explored the applicable maritime jurisprudence of Miles, Scarborough, Townsend, and McBride. Id. at *4-*5. However, this time, he stated that:

> It has become clear since the *en banc* opinion in McBride that in wrongful death cases brought under general maritime law, a survivor's recovery from employers and non-employers is limited to pecuniary losses. This is supported by the Fifth Circuit's decision in Scarborough v. Clemco Industries, which held a seaman may not recover punitive damages against either his employer or a non-employer third party. While the Scarborough decision at one time seemed to be undermined by Townsend, it has been given clarity and vitality by the *en banc* decision in McBride. Scarborough is based on Miles, which is the foundation for the Fifth Circuit's *en banc* decision in McBride . . . the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses. Thus, Plaintiff's claims for non-pecuniary damages in this case are controlled by the Fifth Circuit's holdings in McBride and Scarborough, and must be dismissed.

7

Id. at *5. Judge Fallon reached the same conclusion two months later in <u>Rinehardt v. Nat'l Oilwell Varco L.P.</u>, 2017 WL 1407699 (E.D. La. April 20, 2017) (Fallon, J.), where the injured seaman plaintiff sought punitive damages against a third-party non-employer for negligence under general maritime law.

Rockett argues that the holdings of <u>Scarborough</u>, <u>McBride</u>, and <u>Wade</u> should be limited to wrongful death cases. However, none of those decisions articulated such a limitation. In <u>Scarborough</u>, 391 F.3d at 668, the court broadly concluded that it affirmed the district court's "holding that a Jones Act *seaman* or his survivors cannot recover nonpecuniary damages from a non-employer third party." (emphasis added). Further, <u>McBride</u>, 768 F.3d at 384, involved both personal injury and wrongful death claims. Finally, in <u>Wade</u>, 2017 WL 434425, at *5, Judge Fallon held that "a *seaman's* damages against both employers and non-employers are limited to pecuniary losses." (emphasis added). Judge Fallon employed the same reasoning in <u>Rinehart</u>, which was a personal injury case, clearly indicating that this principle is applicable to personal injury claims.

Rockett also argues that this court should follow the opinion of the Supreme Court of Washington's ruling in <u>Tabingo v. American Triumph LLC</u>, 391 P.3d 434 (Wash. 2017), in which that court held that a Jones Act seaman can recover punitive damages for his general maritime law unseaworthiness claim against his employer. <u>Tabingo</u> is directly contrary to the Fifth Circuit precedent set in <u>McBride</u>. Indeed, <u>Tabingo</u> expressly declined to follow <u>McBride</u> finding that <u>McBride</u> "misinterprets both <u>Miles</u> and its interaction with <u>Townsend</u>[,]" because "<u>Miles</u> is limited to tort remedies grounded in statute[,]" whereas "[u]nseaworthiness is not such a remedy[,]" and "Congress has not directly addressed the damages available for an unseaworthiness claim." <u>Id.</u> <u>McBride</u> is binding precedent for this court, and <u>Tabingo</u> is not precedent in this circuit.

8

Further, Rockett urges this court to revert to its pre-Scarborough, Townsend, and McBride holdings and follow the reasoning of In re Dent Towing Service, Inc., 1999 WL 329698 (E.D. La. May 21, 1999) (Lemmon, J.). This court held that a seaman could recover non-pecuniary damages against a third-party non-employer tortfeasor. However, as noted, Dent predates the significant Fifth Circuit precedents of Scarborough and McBride. More recently, this court held that "under Scarborough, a seaman and his spouse are barred from seeking punitive damages and loss of consortium damages from a non-employer third party." In re Int'l Marine, L.L.C., 2013 WL 3293677, at *9 (E.D. La. June 28, 2013) (Lemmon J.).

Finally, Rockett argues that this court should embrace a historical approach employed in the McBride concurrence authored by Judge Clement, joined by Judges Jolly, Jones, Smith and Owen, and the McBride dissent authored by Judge Higginson, joined by Judges Stewart, Barksdale, Dennis, Prado and Graves.

The concurrence states that it was written "to further explain the historical background mandating" the result that punitive damages are not recoverable in a seaman's personal injury or a seaman's survivor's wrongful death actions under the Jones Act or general maritime law. McBride, 768 F.3d at 391. The concurrence explored the jurisprudential history of unseaworthiness under general maritime law and concluded that it "is an American doctrinal innovation that only began to take shape as an independent action during the 1870s, and did not crystallize until well into the mid-twentieth century." Id. at 393. Maintenance and cure, on the other hand, is an "ancient" remedy. Id. Thus, Townsend's determination that punitive damages were available in maintenance and cases, does not translate to such damages being available in unseaworthiness cases because it is a different type of maritime action that: "(1) was first embraced by the Supreme Court in 1903, (2) was

9

described early on as providing an indemnity for *compensatory* damages, and (3) did not take its modern form until well after the passage of the Jones Act." Id. at 394. The concurrence determined that there was a dearth of authority supporting that punitive damages were available in unseaworthiness actions prior to the Jones Act, and that, in post-Jones Act jurisprudence, the primary authority allowing such damages is based on "a collective judicial 'oh, hell, why not' principle that holds that because punitive damages are available in many other types of actions they should also be available in unseaworthiness cases." Id. at 395. The concurrence concluded that, because punitive damages were not available for unseaworthiness actions prior to the Jones Act, they are not available for a seaman's or his survivor's unseaworthiness action now.

The dissent explored the history of punitive damages in general maritime law. Id. at 405-18. However, the dissent found that punitive damage were historically available in general maritime law actions, including claims for unseaworthiness. Id. at 406-07. Townsend is characterized as establishing the rule that: "if a general maritime law cause of action and remedy were established before the passage of the Jones Act, and the Jones Act did not address that cause of action or remedy, then that remedy remains available under that cause of action unless and until Congress intercedes." Id. at 412. Accordingly, because unseaworthiness and punitive damages both pre-existed the Jones Act, and are not specifically addressed therein, punitive damages are available to a seaman or a seaman's survivors under general maritime law unseaworthiness claims. Id.

Rockett argues that, using the historical approach of the dissent, this court should find that, prior to the Jones Act, a seaman had a negligence claim under general maritime law against third-party non-employers for which punitive damages were available. See Townsend, 129 S.Ct. at 2568 ("prior to the enactment of the Jones Act in 1920, maritime jurisprudence was replete with judicial

statements approving punitive damages, especially on behalf of passengers and seamen."). The Jones Act did not address a seaman's general maritime law negligence claim against a third-party non-employer. Indeed, his status as a seaman is irrelevant to such a claim. Therefore, Rockett argues, a seaman should be permitted to seek punitive damages on a general maritime law negligence claim against a third-party non-employer, as he would be if the claim arose under state law instead of general maritime law.

However, the United States Court of Appeals for the Fifth Circuit has not overruled Scarborough, and it is the law of in the Fifth Circuit that neither a seaman nor a seaman's survivors can recover punitive damages from a non-employer third-party for negligence and unseaworthiness claims under general maritime law. Therefore, St. John's motion to dismiss is GRANTED, and Rockett's punitive damages claim against it is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that St. John Fleeting, LLC's Motion to Dismiss Plaintiff's Claim for Punitive Damages made pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #7) is **GRANTED**.

New Orleans, Louisiana, this __22nd__ day of May, 2017.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**