# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRIN ROCKETT | CIVIL ACTION |
| VERSUS | NO: 17-229 |
| BELLE CHASSE MARINE TRANSPORTATION, LLC, ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Associated Marine Anchorage of St. John, L.L.C. and St. John Enterprises, L.L.C.'s Motion for Summary Judgment (Doc. #69) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.[1]

**IT IS FURTHER ORDERED** that Belle Chasse Marine Transportation, LLC's Motion for Partial Summary Judgment Seeking Dismissal of Plaintiff's Claims for Negligence and Unseaworthiness (Doc. #70) is **GRANTED**, and plaintiff's negligence and unseaworthiness claims against Belle Chasse Marine Transportation, LLC are **DISMISSED.**[2]

---

[1] Associated Marine Anchorage of St. John, L.L.C. and St. John Enterprises, L.L.C. also filed a Motion for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Doc. #67). Because this court has found that Associated Marine and St. John are entitled to summary judgment on all of plaintiff's claims against them, it is unnecessary to address the punitive damages issue separately, and that motion is DISMISSED as moot. Further, Associate Marine and St. John's Motion *In Limine* to Exclude or, alternatively, to Limit the Report and Anticipated Testimony of Plaintiff's Liability Expert, John Pierce (Doc. #72), is DISMISSED as moot.

[2] Belle Chasse also filed a Motion for Partial Summary Judgment Seeking Limitation of Liability (Doc. #68), which would be applicable only if Belle Chasse were found to be liable for negligence under the Jones Act or for unseaworthiness under the general maritime law. Because this court has found that Belle Chasse is entitled to summary judgment on plaintiff's Jones Act and unseaworthiness claims, the motion directed at limitation of liability is DISMISSED as moot.

**BACKGROUND**

This matter is before the court on motions for summary judgment filed by the defendants, Associated Marine Anchorage of St. John, L.L.C., St. John Enterprises, L.L.C., and Belle Chasse Marine Transportation, LLC.

Plaintiff, Darrin Rockett, filed this action against defendants, Belle Chasse, Associated Marine, and St. John,[3] seeking damages for injuries he allegedly sustained in a maritime accident. Rockett, a Jones Act seaman, alleges he was injured that around midnight on January 29, 2016, when he was employed as the captain of the M/V MR. FRED, a vessel in navigation owned, operated and controlled by Belle Chasse. Rockett was the only person aboard the vessel navigating on the Mississippi River during high water conditions. Rockett claims that he left the navigation channel to avoid traffic, and that the vessel struck a submerged object and became airborne. Rockett alleges that the submerged object, that he admittedly never saw, was a buoy and that Associated Marine and St. John owned, maintained, or were otherwise responsible for the buoy. He alleges the buoy was improperly marked, maintained, and/or positioned. Rockett alleges that he sustained injuries to his head and other parts of his body as a result of the accident. Rockett reported the accident to his supervisors at Belle Chasse. However, neither Associated Marine nor St. John were notified until a year-and-a-half later and there was no investigation to determine what Rockett allegedly hit.

---

[3] Rockett originally named St. John Fleeting, LLC as a defendant in this matter. When he was informed that St. John Fleeting was the wrong entity, Rockett filed an amended complaint adding Associated Marine and St. John as defendants.

Rockett's claims against Belle Chasse include a negligence claim under the Jones Act, and general maritime law claims for unseaworthiness and failure to pay maintenance and cure, along with punitive damages related to the failure to pay maintenance and cure. Rockett alleges a general maritime law negligence claim against Associated Marine and St. John, and seeks punitive damages associated with that claim. Associated Marine and St. John argue that they are entitled to summary judgment as to all of Rockett's claims against them because there is no proof of what he hit, much less that they controlled whatever it was. Belle Chase argues that it is entitled to summary judgment on plaintiff's Jones Act and unseaworthiness claims because Rockett cannot prove that it was negligent or that the vessel was unseaworthy.

## ANALYSIS

**I.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

3

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II. Associate Marine and St. John's Motion for Summary Judgment (Doc. #69)

Associated Marine and St. John argue that they are entitled to summary judgment on Rockett's claims against them because Rockett cannot prove what he hit with the vessel, much less that they had ownership or custody of the object or that they were responsible for its placement in navigable waters.

Rockett's raises maritime negligence claims against Associated Marine and St. John. To prevail on a negligence claim under admiralty law, the plaintiff must prove: (1) that the defendant owed it a duty; (2) the defendant breached that duty; (3) the breach was the cause-in-fact and legal cause of plaintiff's damages; and, (4) actual damages. In re Mid–S. Towing Co., 418 F.3d 526, 531 (5th Cir. 2005); see also 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5–2 (2d ed. 1994). In admiralty cases, the standard of care is established by statutes or regulations, maritime custom, or by the general principles of negligence law. S.C. Loveland, Inc. v. E.W. Towing, Inc., 608 F.2d 160, 165 (5th Cir. 1979).

4

To establish liability when a vessel strikes an object in navigable water, the plaintiff must prove that the defendant owned, placed, maintained or controlled the object. Creppel v. Shell Oil Co., 738 F.2d 699, 701-2 (5th Cir. 1984). To survive summary judgment, a plaintiff must offer some proof linking the object that he hit to the defendant. Guidry v. Apache Corp. of Del., 236 Fed.Appx. 24, 25 (5th Cir. 2007). "It is not enough that the defendants' operations were closest to the allision site." Id.

In this case, Rockett has offered no proof to link the object he hit to Associated Marine or St. John. Rockett admitted in his deposition that he never saw the object he hit. Also, because he did not make allegations against Associated Marine or St. John for over a year-and-a-half after the accident, there was no investigation done to discover what Rockett hit. Rockett assumed that he hit a buoy belonging to Associate Marine or St. John because he was in the vicinity of their facility when the accident occurred, but he has offered absolutely no poof of what the vessel struck, much less that it was associated with either Associated Marine or St. John. Therefore, Associated Marine and St. John's motion for summary judgment is GRANTED, and Rockett's claims against them are DISMISSED.

III. **Belle Chase Marine's Motion for Partial Summary Judgment Seeking Dismissal of Plaintiff's Claims for Negligence and Unseaworthiness (Doc. #70)**

Jones Act negligence and unseaworthiness claims are separate causes of action and are treated as such. See Brunner v. Maritime Overseas Corp., 779 F.2d 296, 298 (5th Cir. 1986). In this case, the basis of the negligence claim is that Belle Chasse failed to properly train Rockett to navigate in high water conditions. The basis of the unseaworthiness claim is that the M/V MR. FRED lacked navigational charts, the radar was "in and out" and the vessel lacked a second crew member to serve as a lookout.

5

**A. The Jones Act**

Under the Jones Act, 46 U.S.C. § 30101, *et. seq.*, a seaman's employer is liable for damages if the employer's negligence, including negligence of the employer's officers, agents, or employees, caused the seaman's injury. See Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*); see also Hopson v. Texaco, Inc., 86 S.Ct. 765, 766 (1966). The employer is held to a standard of ordinary prudence under the circumstances. Id. "An employer 'has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition.'" Lett v. Omega Protein, Inc., 487 Fed. Appx. 839, 843 (5th Cir. 2012) (quoting 1 Admiralty & Maritime Law § 6–22 (5th ed.)). "Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required, in the use of ordinary care, will vary with the nature of what is being done . . .'" Id. (quoting 1B–III Benedict on Admiralty § 21). The terms "slightest" and "featherweight" have been used to describe the reduced standard of causation between the employer's negligence and the employee's injury, and a seaman must only show that "his employer's negligence is the cause, in whole or in part, of his injury." Gautreaux, at 335; Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1352 (5th Cir. 1988). However, "[u]nder familiar principles of negligence, in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or, in the exercise of due care, should have known of it." Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378, 1379 (5th Cir. 1976).

The Jones Act adopts a comparative negligence standard in which a seaman's recovery is reduced in proportion to his fault if he contributes to his own injury by not exercising ordinary

prudence under the circumstance. Johnson v. Cenac Towing, 544 F.3d 296, 302 (5th Cir. 2008). "The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment but also his own experience, training or education. The reasonable person standard, therefore, [in] a Jones Act negligence action becomes one of the reasonable seaman in like circumstances." Id. (quoting Gautreaux, 107 F.3d at 339) (emphasis in original). An injured seaman is barred from recovery for damages sustained as the result of his own fault. Miles v. Melrose, 882 F.2d 976, 984 (5 th Cir. 1989). "[T]he defendant has the burden of proving that the plaintiff was contributorily negligent and that such negligence was the proximate cause in producing his injury." Id. The plaintiff cannot recover if his accident was causes solely by his own fault. Id.

In this case, Rockett was operating the vessel when he struck a submerged object. Rockett is a licensed Captain with a 100 ton endorsement, credentials that exceeded those necessary to operate the vessel. Rockett was an experienced seaman, who worked for 8 years on the section of the Mississippi River where the accident occurred. He testified that he was familiar with the buoy system that he supposes he hit. A vessel owner does not have a duty to instruct a seaman on how to perform a routine task in which he is well-versed. See Glaze v. Higman Barge Lines, Inc., 611 Fed. Appx. 227, 228 (5th Cir. 2015) (citing Robinson v. Zapata Corp., 664 F.2d 45, 48 (5th Cir. 1981) (concluding that "[d]efendant could not have been negligent in failing to supervise or train an employee in off-shore welding when that employee clearly stated that he had had two years' experience in off-shore welding.")). Avoiding a known buoy system is a matter of common sense for a licensed captain. Belle Chasse had no duty to specifically train Rockett on how to navigate the vessel at that precise moment. Rockett made the ultimate choice on how to navigate the vessel based on his training required to obtain his captain's license and his years of experience working on

7

that stretch of the Mississippi River. Rockett has failed to establish that any negligence on the part of Belle Chase caused the accident. Therefore, Belle Chasse's motion for summary judgment on Rockett's Jones Act claim is GRANTED, and that claim is DISMISSED.

### B. Unseaworthiness

"[L]iability based upon unseaworthiness is wholly distinct from liability based upon negligence." Usner v. Luckenback Overseas Corp., 91 S.Ct. 514, 517 (1971). To establish a claim for unseaworthiness under the general maritime law, a seaman must prove "that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purpose for which it is used." Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir.2001). A vessel can be unseaworthy if her "gear [is] defective," "appurtenances [are] in disrepair," or "crew [is] unfit." Usner, 91 S.Ct. at 517. A vessel may be unseaworthy if it lacks essential navigational charts. Union Oil Co. of Cal. v. M/V POINT DOVER, 756 F.2d 1223, 1229 (5th Cir. 1985).

The duty to provide a seaworthy vessel is absolute and completely independent of the duty under the Jones Act to exercise reasonable care; therefore, a showing of negligence is not required. See Phillips v. W. Co. of N. Am., 953 F.2d 923, 928 (5th Cir. 1992). "Although the shipowner has an absolute duty to provide a seaworthy vessel, the vessel need not be 'accident free.'" Simeon v. T. Smith & Son, Inc., 852 F.2d 1421, 1432–33 (5th Cir. 1988). To prevail on an unseaworthiness claim, the seaman "must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1354 (5th Cir.1988) (citations omitted).

8

Rockett claims that the M/V MR. FRED was unseaworthy because it lacked certain navigational charts, the radar was "in and out", and the vessel lacked a second crew member to serve as a lookout. None of these claims rendered the vessel unseaworthy. Rockett admitted at his deposition that he would not have used navigational charts had they been onboard the vessel and that the radar would not have shown submerged buoys in the area. Thus, neither the alleged lack of charts nor issues with the radar were a cause of the accident. Further, Rockett's liability expert opined that the M/V MR. FRED did not need a separate person to serve as a lookout because it is a small pilot boat, and Rockett himself was sufficient to serve as a lookout. Therefore, the vessel was not unseaworthy for having an inadequate crew. Belle Chasse's motion for summary judgment on Rockett's unseaworthiness claim is GRANTED and that claim is DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Associated Marine Anchorage of St. John, L.L.C. and St. John Enterprises, L.L.C.'s Motion for Summary Judgment (Doc. #69) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.

**IT IS FURTHER ORDERED** that Belle Chasse Marine Transportation, LLC's Motion for Partial Summary Judgment Seeking Dismissal of Plaintiff's Claims for Negligence and Unseaworthiness (Doc. #70) is **GRANTED**, and plaintiff's negligence and unseaworthiness claims against Belle Chasse Marine Transportation, LLC are **DISMISSED**.

New Orleans, Louisiana, this \_\_5th\_\_ day of September, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**